IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ENTREPRENEUR MEDIA, INC. | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-12-1970 |
| JMD ENTERTAINMENT GROUP, LLC, *et al.*, | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff Entrepreneur Media, Inc. ("EMI") has filed the subject Complaint against corporate Defendants JMD Entertainment Group, LLC and JMD Entertainment and Media Group and individual Defendant Janice McLean-Deloatch. Plaintiff's Complaint (ECF No. 1) alleges federal trademark infringement and federal false designation of origin/unfair competition. The individual Defendant, Ms. McLean-Deloatch has filed an Answer (ECF No. 19). The corporate Defendants have not filed a response and Order of Default has been entered against them (ECF No. 21). Pending before this Court is Plaintiff's Motion for a More Definite Statement and Order Finding Certain Matters Admitted (ECF No. 23) directed to the individual Defendant. This Court has reviewed the parties' submissions and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Plaintiff's Motion for a More Definite Statement (ECF No. 23) is GRANTED in part and DENIED in part. Specifically, Plaintiff's Motion is GRANTED as to the request for a more definite statement and DENIED as to the request for an order finding certain matters admitted.

1

## BACKGROUND

Plaintiff filed its Complaint (ECF No. 1) on July 2, 2012 against corporate Defendants JMD Entertainment Group, LLC and JMD Entertainment and Media Group and individual Defendant Janice McLean-Deloatch. The corporate Defendants remain unrepresented by counsel.[1] Ms. McLean-Deloatch is appearing *pro se*. Since Plaintiff filed its Complaint, Ms. McLean-Deloatch has twice sought time extensions to obtain an attorney and file responsive pleadings. On October 12, 2012, this Court granted a Motion for Continuance (ECF No. 13), giving Defendants an additional thirty days to file an answer. On November 13, 2012, Ms. McLean-Deloatch requested a second extension (ECF No. 14), which this Court granted in an Order (ECF No. 17), dated November 29, 2012. This Order extended the Defendants' deadline for filing responsive pleadings until December 10, 2012 and specified that Local Rule 101.1(a) requires the corporate Defendants to retain counsel. On December 12, 2012, Ms. McLean filed an Answer (ECF No. 19). On January 4, 2013, Plaintiff filed the subject Motion for a More Definite Statement (ECF No. 23).

## STANDARD OF REVIEW

Rule 8 of the Federal Rules of Civil Procedure establishes similar requirements for pleading both claims in a complaint and defenses in an answer. *Compare* Rule 8(a)(2) (requiring a pleader stating a claim for relief to provide "a short and plain statement of the claim showing that the pleader is entitled to relief") *with* Rule 8(b)(1)(A) (requiring a responding party to "state in short and plain terms its defenses to each claim asserted against it"). Furthermore, Rule 8(b)(2) provides that "a denial must fairly respond to the substance of the allegation." Pleading requirements are intended to ensure that an opposing party receives fair

---

[1] In light of the Order of Default having been entered by the Clerk of the Court (ECF No. 21), and the corporate Defendants' failure to retain a lawyer or take any action in this litigation, this Court grants Plaintiff's Motion for Default Judgment in a separate Memorandum of Law.

notice of the factual basis for an assertion contained a claim or defense. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545. When a party has not complied with the requirements of Rule 8, the opposing party may file a Motion for a More Definite Statement under Rule 12(e). Pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."

## ANALYSIS

In Plaintiff's Motion for a More Definite Statement (ECF No. 23), Plaintiff challenges Defendant Janice McLean-Deloatch's Answer under Federal Rule of Procedure 12(e) on the basis that Plaintiff cannot ascertain "whether the document filed by [Ms.] McLean-Deloatch is an Answer, a Counterclaim, a Motion to Dismiss, or some combination of these" (ECF No. 23). Rule 12(e) of the Federal Rules of Civil Procedure grants courts discretion to require a party to cure vague or ambiguous pleadings in order to permit the opposing party to style a responsive pleading.

The Answer filed by the individual *pro se* Defendant is three pages alleging various facts and raising legal questions. Ms. McLean-Deloatch's pleading does not satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) requires a "short and plain statement" of any counterclaims; Rule 8(b) requires a party to state in "short and plain terms" its defenses to each claim asserted against it, as well as to "admit or deny the allegations" in the Plaintiff's complaint. *See* Fed. R. Civ. P 8(a); 8(b)(1). Ms. McLean-Deloatch's pleading does not indicate whether she is filing any counterclaims even though she makes assertions against the Plaintiff, such as arguing that the Plaintiff's complaint is frivolous and suggesting that the Plaintiff has committed "trademark misuse" and has "unclean hands." *See* Answer ¶¶ 34, 44 (ECF No. 19). Moreover, Ms. McLean-Deloatch's Answer is vague in that it does not admit or

deny the allegations in the Plaintiff's Complaint.  Accordingly, this Court GRANTS in part Plaintiff's Motion for a More Definite Statement.  Ms. McLean is ORDERED to file a more definite statement clearly setting forth all admissions, denials, and counterclaims in accordance with Rules 8(a) and 8(b).

Plaintiff also asks that this Court deem admitted all allegations of the Plaintiff's Complaint that Ms. McLean-Deloatch did not specifically deny.  *See* Fed. R. Civ. P 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").  Because Ms. McLean-Deloatch is proceeding *pro se*, this Court will accord her pleadings liberal construction.  See *Erickson v. Pardus*, 551 U.S. 89 (227).  As a result, Plaintiff's Motion for a More Definite Statement is DENIED in part as to the request for an order finding certain matters admitted.

## **CONCLUSION**

For the reasons stated above, Plaintiff's Motion for a More Definite Statement (ECF No. 23) is GRANTED in part and DENIED in part.  Specifically, Plaintiff's Motion for a More Definite Statement is GRANTED as to the request for a more definite statement and DENIED as to the request for an order finding certain matters admitted.

A separate Order follows.

Dated: July 19, 2013

                                                                    /s/
                                          Richard D. Bennett
                                          United States District Judge