IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ENTREPRENEUR MEDIA, INC.,          *

    Plaintiff,                    *

        v.                       *     Civil Action No. RDB-12-1970

JMD ENTERTAINMENT
GROUP, LLC, et al,                 *

    Defendants.                   *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM OPINION & ORDER**

Plaintiff Entrepreneur Media, Inc. ("Plaintiff") filed the presently pending action against Defendant Janice McLean-DeLoatch ("McLean-DeLoatch") on July 2, 2012.[1] Although this Court granted Ms. McLean-Deloatch two extensions in order to respond to the Complaint, thereby pushing the deadline for her response to December 10, 2012, *see* ECF Nos. 13 & 17, Ms. McLean-DeLoatch did not file her Answer (ECF No. 19) until December 12, 2012. On January 4, 2013, Plaintiff filed the subject Motion for a More Definite Statement (ECF No. 23). This Court granted Plaintiff's Motion and ordered that Ms. McLean-DeLoatch respond by August 19, 2013. *See* ECF Nos. 28 & 29.

On September 5, 2013, Plaintiff moved for entry of default, arguing that Ms. McLean-DeLoatch "ha[d] failed to file an answer or otherwise respond . . . within the time prescribed by this Court's order dated July 22, 2013." Pl.'s Req. Entry Default 1, ECF No. 40. The Clerk of Court entered a default (ECF No. 43) on October 1, 2013, noting that the

---

[1] The Complaint also asserted claims against JMD Entertainment Group, LLC and JMD Entertainment and Media Group ("the corporate Defendants"). This Court entered default judgment against the corporate Defendants on July 23, 2013. *See* Mem. Op., ECF No. 30.

1

Defendant "ha[d] failed to plead or otherwise defend as directed." Order Def. 1, ECF No. 43. Subsequently, Plaintiff filed the pending Motion for Default Judgment (ECF No. 44) on November 12, 2013.

After reviewing both Plaintiff's Motion and the docket, however, this Court finds that Default Judgment would be inappropriate at this time. The docket reflects that two documents were returned to Ms. McLean-DeLoatch in mid-August of 2013. *See* ECF Nos. 34, 35. The first document (ECF No. 34-1) is dated August 19, 2013 and was originally received by this Court on the same day. The document is captioned "Answer to request for more definite answers" and was signed by Ms. McLean-DeLoatch. This document was returned to Ms. McLean-DeLoatch by letter dated August 20, 2013 for the stated reasons that "[b]usiness entities other than sole proprietorships must be represented by counsel" and that "[j]udgment [had been] entered as to JMD Entertainment Group on 7/23/2013."[2] *See* ECF No. 34.

The second document is dated August 19 and was originally received by the Clerk's office on August 23, 2013. *See* ECF No. 35-1. The document is titled "Answers to request for more definite answers (Revised)." By letter dated August 22, 2013, Ms. McLean-DeLoatch's document was again returned (for the same stated reasons as the first document). *See* ECF No. 35.

Of course, at the time that Ms. McLean-DeLoatch filed these documents, this Court had already entered default judgment against the corporate defendants. Moreover, only Ms.

---

[2] The Court suspects that some confusion may have arisen due to the fact that Ms. McLean omitted herself from the caption on the document and because Ms. McLean-DeLoatch stated that the document was "[i]n reference to the complaint filed by EMI against JMD Entertainment Group, LLC and JMD Entertainment Group." *See* ECF Nos. 34-1, 35-1.

2

McLean-DeLoatch was ordered to file a more definite statement. In light of the fact that Ms. McLean-DeLoatch has proceeded *pro se*, this Court believes that those documents (ECF Nos. 34-1 and 35-1) should have been construed as Amended Answers on behalf of Ms. McLean-DeLoatch (rather than the corporate defendants) and, therefore, that the stated reasons for rejecting Ms. McLean-DeLoatch's documents were not applicable.

Thus, this Court will not grant Plaintiff's Motion for Default Judgment at this time. Instead, Defendant Janice McLean-DeLoatch will be permitted an additional thirty (30) days from the date of this Memorandum Opinion & Order to file an Amended Answer. This Court will hold Plaintiff's Motion for Default Judgment *sub curia* until the expiration of the thirty day period. If Defendant Janice McLean-DeLoatch fails to respond within the prescribed period, this Court will then entertain Plaintiff's Motion for Default Judgment (ECF No. 44).

Accordingly, for the reasons stated above, it is this 12th day of February, 2014, ORDERED that:

1. Defendant Janice McLean-DeLoatch shall file an Amended Answer within thirty (30) days of this Order (i.e., March 14, 2014);

2. Plaintiff Entrepreneur Media, Inc.'s (EMI) Motion for Default Judgment (ECF No. 44) will be held *sub curia*; and

3. The Clerk of the Court transmit copies of this Order and accompanying Memorandum Opinion to the parties.

_____/s/_____
Richard D. Bennett
United States District Judge